UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
FEB 06 2014

| | | |
|---|---|---|
| WAUBAY LAKE FARMERS ASSOCIATION and HOMEOWNERS AND BUSINESS ASSOCIATION OF WAUBAY LAKE'S WATERSHED as representative of the class herein defined, | * * * * * * * | CIV 12-4179-RAL |
| Plaintiffs, | * * * | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR COSTS AND ATTORNEY'S FEES |
| vs. | * * | |
| BNSF RAILWAY COMPANY, Fort Worth, Texas, | * * * | |
| Defendant. | * | |

Having held a hearing on November 1, 2013, on pending motions, this Court issued an Order on Pending Motions on November 4, 2013, Doc. 49, granting in part Defendant's Motion to Compel Discovery. In the Order on Pending Motions, this Court permitted Defendant to submit an affidavit and motion requesting sanctions under Rule 37 of the Federal Rules of Civil Procedure. Doc. 49.

Thereafter, Defendant filed a motion and submitted an affidavit seeking $14,710.00 as sanctions. Doc. 51. This Court in an Order for Response to Motion for Costs and Attorney's Fees, Doc. 56, directed Plaintiffs to respond and noted "the request for $14,710.00 [as sanctions] struck the Court as unreasonable and excessive." Doc. 56. In Plaintiffs' Response to Motion for Costs and Attorneys Fees, Doc. 57, suggests a range of $2,000 to $4,000 for the Court to consider as a sanction, and makes clear, as was made clear at the hearing, that the dereliction from the Plaintiffs in discovery was attributable to Plaintiffs' counsel and not the party Plaintiffs.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure governs the matter of sanctions. Here, Defendant's motion to compel was granted in part, and this Court deemed Defendant entitled to some sanctions against Plaintiffs whose non-disclosure necessitated the motion. The amount of sanctions lies in the discretion of this Court. 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure, § 2284 (3d ed. 2010). Indeed, while Rule 37 reads that the Court "must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion," the Court also "must not order this payment if . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). If, as here, "the motion is granted in part and denied in part, the court may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C); see also Comiskey v. JFTJ Corp., 989 F.2d 1007, 1011-12 (8th Cir. 1993).

"'The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.'" Baranski v. United States, 283 F.R.D. 520, 527 (E.D. Mo. 2012) (employing the lodestar where a party sought fees pursuant to Rule 37 of the Federal Rules of Civil Procedure) quoting Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002)); see also Kirschenman v. Auto-Owners Ins., No. CIV. 09-4190-KES, 2012 WL 1493833, at *3 (D.S.D. Apr. 27, 2012). "Under this method, the district court multiplies the reasonable number of hours for the work performed by a reasonable hourly rate." Kirschenman, 2012 WL 1493833, at *3. The Court will exclude hours that were not expended reasonably and the burden is on the party seeking the award to justify the hours worked and the rate claimed. Branaski, 283 F.R.D. at 527. The Court may increase or decrease the lodestar figure based on the "factors listed in Johnson v. Georgia Highway Express,

2

Inc., 488 F.2d 714 (5th Cir. 1974)[,]"[1] <u>Shakopee Mdewakanton Sioux Cmty. v. City of Prior Lake, Minn.</u>, 771 F.2d 1153, 1160 (8th Cir. 1985), but these factors may be "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate[,]" <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 455 (1983).

Plaintiffs object to the amount requested by Defendants and this Court agrees that Defendant's request of $14,710.00 as fees and expenses for bringing this motion to compel is not reasonable under these circumstances. According to Defense counsel's affidavit, Defense counsel billed 51.6 hours for three attorneys in bringing the motion to compel. Doc. 52. The issues in the motion to compel were not complicated, the motion was granted in part, and the hearing on the motion was combined with a hearing on another matter in the case. Here, in considering all of the circumstances, the Court concludes that the reasonable amount of sanctions to be $2,942.00.

Therefore, it is hereby

ORDERED that Defendant's Motion for Costs and Attorney's Fees, Doc. 51, is granted in part and denied in part and that Plaintiffs or Plaintiffs' counsel pay to Defendant the amount of $2,942.00 as sanctions under Rule 37 forthwith and no later than fourteen days after entry of this Order.

---

[1] The twelve factors listed in <u>Johnson</u>, 488 F.2d 714 are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Id.</u> at 717–19

Dated February 6th, 2014.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE